## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELBOURNE MUNICIPAL FIREFIGHTERS' PENSION TRUST FUND, individually and on behalf of all others similarly situated, | Civil Action No. 1:16-cv-03338 (KMW) |
| Plaintiff, | CLASS ACTION |
| v. | |
| EXPRESS SCRIPTS HOLDING COMPANY, GEORGE PAZ, TIMOTHY WENTWORTH, ERIC SLUSSER, DAVID QUELLER, and JAMES M. HAVEL, | |
| Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED
MOTION OF TIAA FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF ITS SELECTION OF LEAD COUNSEL,
AND IN OPPOSITION TO COMPETING MOTIONS**

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

PRELIMINARY STATEMENT ...................................................................................................1

A.     TIAA Should Be Appointed Lead Plaintiff ...................................................................2

     1.     TIAA Has The Largest Financial Interest.......................................................3

     2.     TIAA Satisfies The Requirements Of Rule 23 .............................................4

B.     The Competing Movants Do Not Trigger The Presumption ............................................5

## PRELIMINARY STATEMENT

TIAA should be appointed Lead Plaintiff because it is the "most adequate plaintiff" and has the "largest financial interest" in the securities class action against Express Scripts under the standards of the PSLRA.[1]  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  TIAA incurred LIFO and FIFO losses that are between *nine* and *thirteen times larger*, respectively, than the losses of all other Lead Plaintiff movants *combined*.  As demonstrated by the chart below, none of those movants have a financial interest in this action that even approaches the financial interest of TIAA:

| Movant | FIFO loss | LIFO loss |
|---|---|---|
| **TIAA** | **$50,123,637** | **$37,316,151** |
| Strathclyde Pension Fund | $1,095,791 | $1,095,791 |
| Rhondda Cynon Taf Pension Fund | $415,940 | $415,940 |
| Surrey Pension Fund | $242,904 | $242,904 |
| **"Pension Fund Group" Total** | **$1,754,635** | **$1,754,635** |
| **Employees' Retirement System of the State of Hawaii ("Hawaii")** | **$1,182,442** | **$1,284,438** |
| **City of Lakeland Employees Pension Plan ("Lakeland")** | **$835,557** | **$835,557** |

TIAA also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, and is perfectly situated to represent all Class members.  Further, TIAA fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities entailed in serving as Lead Plaintiff to guarantee vigorous prosecution of this action.  *See* ECF No. 37 at 7-8.

In recognition that TIAA has the largest financial interest of any movant and is otherwise adequate to represent the Class, all competing movants either withdrew their motions for appointment as Lead Plaintiff or stated that they do not oppose TIAA's appointment as Lead Plaintiff.  *See* ECF No. 43 (movant Lakeland "withdraws its motion for appointment as Lead

---

[1] All capitalized terms are defined in TIAA's moving brief, unless otherwise indicated. *See* ECF No. 37.

Plaintiff."); ECF No. 44 (movant Pension Fund Group withdrawing its motion because it "does not assert the largest financial interest in this matter"); ECF No. 46 (movant Hawaii "does not possess the largest financial interest in the relief sought by the class").

Because TIAA has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy, it is entitled to a strong presumption that it is the most adequate plaintiff.  Under the PSLRA, that presumption can only be rebutted "***upon proof***" that TIAA is inadequate or atypical.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such "proof" exists, and there are no grounds to challenge TIAA's typicality or adequacy.  *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189-90 (S.D.N.Y. 2006) (rejecting "speculative and hypothetical argument that [presumptive lead plaintiff] *might* be subject to a later attack by Defendants") (emphasis in original).

Accordingly, TIAA should be appointed Lead Plaintiff and its unopposed motion should otherwise be granted.

## ARGUMENT

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must only make a "preliminary" showing that it satisfies the typicality and adequacy requirements of Rule 23.  *Clark v. Barrick Gold Corp.*, No. 13 CIV 3851(RPP), 2013 WL 5300698, at *2 (S.D.N.Y. Sept. 20, 2013) ("In an action under the PSLRA, a moving lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.") (citation and internal quotations omitted).  "In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left

for consideration of a motion for class certification.'"  *Weinberg v. Atlas Air Worldwide Holdings,*
*Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citation omitted) (alteration in original).

Once this presumption is triggered, it can only be rebutted upon **"*proof*"** that the
presumptive Lead Plaintiff will not fairly represent the interests of the Class—whether another
movant might somehow better protect the interests of the Class is irrelevant.  15 U.S.C. § 78u–
4(a)(3)(B)(iii)(II) (emphasis added); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)
(presumption triggered even if the district court believes another movant may be "more typical, []
more adequate . . . [or] would do a better job"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d
Cir. 2001) ("Once the court has identified the movant with 'the largest financial interest in the
relief sought by the class,' it should then turn to the question whether that movant 'otherwise
satisfies the requirements of Rule 23.'").

## A.    TIAA Has The Largest Financial Interest

TIAA has, without a doubt, the largest financial interest in the relief sought by the Class.
Under any metric, TIAA's financial interest is more than nine times larger than that of all other
movants ***combined***.  This Court, like other courts in this District, has held that a movant's loss is
the most important factor in determining whether the movant has the largest financial interest in
the litigation.  *See Woburn Ret. Sys. v. Salix Pharm., Ltd.*, No. 14-CV-8925 (KMW), 2015 WL
1311073, at *4 (S.D.N.Y. Mar. 23, 2015) (Wood, J.) ("The most important factor is financial
loss.") (citation omitted); *Reitan v. China Mobile Games & Entm't Grp., Ltd*, No. 14-CV-4471
(KMW), 2014 WL 6491433, at *4 (S.D.N.Y. Nov. 20, 2014) (Wood, J.) (same); *see also Bo Young
Cha v. Kinross Gold Corp.*, 12 Civ. 1203 (PAE), 2012 WL 2025850, at *2 (S.D.N.Y. May 31,
2012) ("[C]ourts have consistently held that . . . the magnitude of the loss suffered, is the most
significant").

3

As illustrated in the above chart, TIAA incurred a loss of more than $50 million when calculated on a FIFO basis and over $37 million when calculated on a LIFO basis—losses which are many multiples greater than the loss of any other movant.  As such, there can be no credible dispute that TIAA has the largest financial interest in the litigation.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Accordingly, TIAA has "the largest financial interest in the relief sought by the class" and should be appointed Lead Plaintiff.  *Id*.

### B.      TIAA Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, TIAA also satisfies the typicality and adequacy requirements of Rule 23.  To overcome the strong presumption entitling TIAA to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

As demonstrated in its opening brief, TIAA is a typical Class representative.  *See* ECF No. 37 at 6-7.  Like all other Class members, TIAA: (1) purchased Express Scripts stock during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby.  *See Reitan*, 68 F. Supp. 3d at 400 (finding typicality satisfied when a movant's "claims are based on the same legal theory . . . and arise from the same events and course of conduct . . . as the Class's claims").

TIAA also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  TIAA is a sophisticated institutional investor with experience serving as a Lead Plaintiff and overseeing counsel in the context of complex securities class actions such as this one.  *See State Teachers Ret. Sys. of Ohio v. Am. Realty Capital Properties, Inc.*, No. 14-cv-8659-AKH (S.D.N.Y.) (TIAA serving as lead plaintiff).

4

Further, there is no conflict of interest between TIAA's interests and those of the other Class members.  To the contrary, the interests of TIAA and other Class members are directly aligned because all suffered damages from their purchases of Express Scripts stock that was artificially inflated by Defendants' misconduct.  As discussed more fully above, TIAA clearly has a sufficient interest in this case to ensure the vigorous prosecution of this litigation, and has demonstrated its commitment to prosecuting this action efficiently and in the best interests of the Class.  *See* ECF No. 37 at 6-8.

Indeed, TIAA is precisely the type of sophisticated institutional investors that Congress sought to place in charge of securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at *34, (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation"); *see also Salix*, 2015 WL 1311073, at *4 (noting that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs").

TIAA has further demonstrated its adequacy by selecting Bernstein Litowitz—counsel that is highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.  Accordingly, because TIAA has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, the Court should appoint it as Lead Plaintiff.

## **CONCLUSION**

For the reasons stated above, TIAA respectfully requests that the Court: (i) appoint TIAA as Lead Plaintiff; (ii) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  July 22, 2016

Respectfully submitted,

*/s/ Gerald H. Silk*

Gerald H. Silk
Avi Josefson
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com

-and-

Blair A. Nicholas (*Pro hac vice application
  forthcoming*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323
blairn@blbglaw.com

*Counsel for Proposed Lead Plaintiff TIAA
and Proposed Lead Counsel for the Class*